UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**RAYNALDO MARKEITH SAMPY, JR.**

**Plaintiff,**

**vs.**                                                    **CASE NO. 6:19-CV-580**

**JONATHAN PRICE RABB, BRANDON
LAMAR DUGAS, IAN JAMES JOURNET,
SEGUS RAMON JOLIVETTE, MICHAEL
NICHOLAS DARBONNE, ASHER REAUX,
JORDAN KAMAL COLLA, and
LAFAYETTE CITY PARISH
CONSOLIDATED GOVERNMENT,**
                        **Defendants**.

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE
WESTERN DISTRICT OF LOUISIANA, LAFAYETTE DIVISION:

### I. INTRODUCTION

1.      This is an action for money damages brought by complainant, **RAYNALDO
MARKEITH SAMPY, JR.**, pursuant to 42 U.S.C. 1983 and 1988, and the First,
Fourth,  and Fourteenth Amendments to the United States Constitution, and under
the laws and constitution of the State of Louisiana against the LAFAYETTE CITY

PARISH CONSOLIDATED GOVERNMENT (hereinafter referred to as "LCG"), Officer JONATHAN PRICE RABB, BRANDON **LAMAR DUGAS, Officer IAN JAMES JOURNET**, Officer **SEGUS RAMON JOLIVETTE, Officer MICHAEL NICHOLAS DARBONNE, Officer ASHER REAUX,** and Officer **JORDAN KAMAL COLLA**. It arises from a false dispatch by a 911 dispatcher of the Lafayette Parish Communication District that Sampy had driven his truck into and damaged an ice cooler machine, followed by his false arrest, police brutality, and an unlawful search of his motor vehicle by the aforesaid Lafayette Police Department officers responding to that dispatch. Thereafter the officers prepared and filed a false report of Simple Battery on a Police Officer, and the subsequent arrest, confinement, and resultant malicious prosecution for that offense.  The Lafayette Parish Communication District and the Lafayette Police Department are both part of the LCG.

## II. JURISDICTION, VENUE, AND NOTICE

2.      Jurisdiction is founded on 28 U.S.C. 1331, 1343, 2201, 2202. Complainant further invokes jurisdiction of this Honorable Court under 28 U.S.C. 1367 to adjudicate claims arising under the Laws of the State of Louisiana, including, but not limited to Article 2315, et seq, of the Louisiana Civil Code and Article I, Sections 2, 5, and 7 of the Louisiana Constitution of 1974.

3.     This case is instituted in the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

### III. PARTIES

4.     At all times relevant hereto, Plaintiff  Raynaldo Markeith Sampy Jr., was a resident of the Western District of Louisiana and a citizen of the United States of America.

5.     At all times relevant hereto, Defendant Jonathan Price Rabb was a citizen of the United States and a resident of the Western District of Louisiana and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant LCG and/or of the Lafayette Police Department. Defendant Rabb is sued individually.

6.     At all times relevant hereto, Defendant Brandon Lamar Dugas was a citizen of the United States and a resident of the Western District of Louisiana and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant LCG and/or of the Lafayette Police Department. Defendant Dugas is sued individually.

7.      At all times relevant hereto, Defendant **Segus Ramon Jolivette** was a citizen of the United States and a resident of the Western District of Louisiana and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant LCG and/or of the Lafayette Police Department. Defendant **Jolivette** is sued individually.

8.      At all times relevant hereto, Defendant **Michael Nicholas Darbonne** was a citizen of the United States and a resident of the Western District of Louisiana and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant LCG and/or of the Lafayette Police Department. Defendant **Darbonne** is sued individually.

9.      At all times relevant hereto, Defendant **Asher Reaux** was a citizen of the United States and a resident of the Western District of Louisiana and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant LCG and/or of the Lafayette Police Department. Defendant **Reaux** is sued individually.

10.     At all times relevant hereto, Defendant **Jordan Kamal Colla** was a citizen of the United States and a resident of the Western District of Louisiana and was acting under color of state law in his capacity as a law enforcement officer employed by the

Defendant LCG and/or of the Lafayette Police Department. Defendant **Colla** is sued individually.

11.     Lafayette City Parish Consolidate Government, Louisiana ("LCG"), a political subdivision of the State of Louisiana within Lafayette Parish, and is the entity having ultimate authority, responsibility and control of and for the oversight, decisions affecting and funding of the Lafayette Police Department and the Lafayette Parish Communication District, including the authorization of and for the former's force of sworn police officers and the latter's 911 dispatchers. As such, the LCG is ultimately responsible for all local policies, procedures, practices, decisions and customs employed by its law enforcement officials, supervisors and officers and 911 dispatchers of the Lafayette Parish Communication District, including also the ultimate responsibility for the proper hiring, training and supervision of all sworn Police Officers and 911 Dispatchers acting under their authority and the color of law.

## IV. STATEMENT OF FACTS

12.     During the early morning of May 5, 2018, Plaintiff was sleeping seated in his (parked and turned-off) pickup truck in the parking lot of "Sid's One Stop", located at 803 Martin Luther King, Jr. Drive, Lafayette, Louisiana. In parking his vehicle Mr. Sampy did not strike the ice cooler machine located outside and in the front of the

convenience store. There is a yellow painted steel pipe guard rail embedded in the concrete curb/sidewalk in front of the ice cooler. Google map photographs show damage to the doors of said ice cooler machine as early as 2013.  Further, the owner of the convenience store has executed an affidavit that the ice cooler was damaged before May 5, 2018 and not by Sampy on that date.

13.     Malik Glaze, a security guard employed by J&B Security LLC, d.b.a. Signal 88 Security, while in the performance of his duties at nearby apartments, during the early morning of May 5, 2018 called 911 (Lafayette Parish Communication District) with his cellular telephone. During the recorded call he reported that a black male was seated in a pickup truck in front of Sid's One Stop and "appeared to have run into the ice cooler", but clarified to the dispatcher he had seen the vehicle park and had not gotten close to the truck.  The Lafayette Parish Communication District dispatcher apparently assumed that the truck had driven into the ice cooler and dispatched officers on the basis that the truck had struck the ice cooler.

14.     Officers responding to the Lafayette Parish Communication District dispatch to 803 Martin Luther King Jr. Drive, encountered Mr. Sampy sleeping seated upright in his truck.  The truck was parked facing the front of the convenience store.  Body-cam video (of Officer Asher Reaux) establishes that Plaintiff's truck was not parked

directly in front of the ice bin machine, with the front driver side bumper nearest to the front right edge of the ice bin machine but not touching it.

15.    Officer Michael Darbonne spoke to Mr. Sampy through the open truck window, advising inaccurately they had received a call from the alarm company reporting that the security camera caught on video camera Sampy's truck striking the ice bin machine. Mr. Sampy responded by denying striking the ice cooler. Officer Darbonne asked for identification and opened the driver's door. As Mr. Sampy reached toward his pocket to extract his driver's license in compliance with Officer Darbonne's request, Officer Brandon Dugas wrongly interpreted Sampy's action, grabbed Sampy's arm and forcibly snatched him out of his truck and threw him face down onto the concrete parking lot. Mr. Sampy complained of Officer Dugas slamming his head into the concrete. Officers Dugas, Asher Reaux, and Jordan Colla immediately pulled Sampy's arms behind his back and put handcuffs on him while he was prone, without probable cause to arrest nor with any reasonable basis to suspect Sampy had committed a crime or was armed or dangerous.

16.    Officer Darbonne was standing nearby holding a flashlight and other officers were also nearby, and none made any effort to intervene or to calm down the other officers' aggressive and unreasonable actions. At no point had Mr. Sampy resisted

other than to complain about their treatment of him.  Their justification was that he had not complied quick enough to their order to get out of the truck and then reached toward his pocket.  Officer manufactured or precipitated exigent circumstances.

17.    The "body cam" audio/video recording (Officer Asher Reaux's was only one provided although all officers were believed to be wearing body cams linked to their units dash cams) also depicts an officer walk between the front of the truck and the sidewalk in front of the convenience store, establishing that the truck was not against the ice cooler machine.  It also depicts the steel pipe guard rail in front of the ice cooler.  Reaux is heard in a monotone tone to commence giving a Miranda warning, which was never completed, after Sampy was thrown down and handcuffed outside his truck and while being dragged away from his truck to a nearby police vehicle.

18.    Officer Dugas dragged the handcuffed Sampy to the hood of a nearby marked police unit.  On the way Sampy is seen on video trying to lift his pants back over his buttocks, where they had fallen during the officers' violent extraction and unlawful arrest.  On the hood of the vehicle where Dugas was holding Sampy's head pressed into the hood by his hand on the back Sampy's neck.  Officer Jolivette was holding Sampy's left arm.  Sampy tried to stabilize himself with his right hand on the hood,

and Officer Reaux is seen to grab Sampy's right arm. The audio recording of the video captures Reaux saying "wrong fucking crew" (2.11 minutes), identifying these officers as an aggressive and violent unit.

19.     Sampy asked why he was arrested and Jolivette responded that they didn't have to tell him. Sampy's  movement apparently offended, because Sampy was abruptly pulled by the legs out of the hands of the restraining officers by Officer Rabb, causing Sampy to land on the concrete chin first. This caused Sampy's chin to be split on the concrete parking lot (subsequently requiring stitches) and to sustain chipping of a tooth. The blood on the parking lot in front of the police unit is depicted at 9:36 on Reaux's body cam.

20.     Sampy was not kicking or resisting other than to complain about his treatment at the hands of the officers, and had been immobilized on the hood by four officers prior to Officer Rabb's actions. To provide cover and divert from liability for the initiation and continuation of this unprovoked attack, Officer Rabb falsely and outrageously yelled: "Stop kicking." Officer Rabb yelled this to fabricate evidence on the body cam audio, knowing it to be false and to inflame other officers.

21.     After landing on the ground, Sampy was stunned and complained about Officer Rabb's actions.  Officer Reaux is depicted pushing Rabb out of the way. Out of the

view of Reaux's body cam, Reaux then rested his body weight on a knee on Sampy's neck.  Rabb then mounted with his body weight on Sampy's left knee.  Mr. Sampy is heard to scream complaints about pain and ask repeatedly for Reaux to get off his neck.  Reaux demands that Sampy stop moving, despite being handcuffed and completely immobilized by the two officers.  Apparently Reax wanted Sampy to tolerate the ensuing pain and difficulty in breathing without moving. Reaux finally moved his knee from Sampy's neck, but then moved his knee and weight to Sampy's head, pining his head to the concrete.

22.    None of the other officers standing there - Officers Dugas, Colla, Jollivette, Darbonne, and Ian Journet - did anything to intervene or to orally dissuade Reaux and Rabb from the violence to Sampy.  A fire truck drove by and Reaux finally got off Sampy and started questioning him, apparently to give plausible justification for his actions. Sampy was never  a threat nor resisting.  None of the officers took any steps to protect the Plaintiff against the other officer's use of excessive force, despite being in a position and having a duty to do so.

23.    At 3:26 on Reaux's body cam video, Reaux asked Sampy about the contents of a cup in his truck's center console, and Sampy replied "spit, you can go look." Thereupon Officers Reaux, Darbonne, and Dugas not only checked the cup, which

Sampy had consented to, but searched the entire interior of Sampy's truck without search warrant, consent, exigent circumstances or incident to arrest (since Sampy had been removed and was restrained some distance away from his pickup truck). The sound on Reaux's body cam then was muted, but in the background is shown that Officer Rabb again mounted Sampy with his knees in his upper back, and as Sampy screamed in complaint Officer Dugas can be seen smiling.  Sampy overheard Officer Jollivette finally tell Rabb that they didn't have anything to charge Sampy with.  Rabb falsely responded "he kicked me."  Sampy, who weighs 150 lbs., lost consciousness for a period of time.  His short term memory was affected by his head being slammed or pressed repeatedly into the concrete and police vehicle hood.

24.     No where in the Reaux body cam audio/video recording does any officer assert detecting an odor of alcoholic beverage about the person of Mr. Sampy or his vehicle. Apparently in an effort to justify to their actions retroactively, the officers called a DUI officer to scene, Robert Mitcham. Officer Mitcham's body cam audio records his initial statement that there was no odor of alcoholic beverage about Sampy's person.

25.     In their angst to divert from liability for and cover up their viciously brutal attack on a sleeping person for which they lacked probable cause to arrest, and having heard Mr. Sampy's threats to have their jobs for their assault on his person

and constitutional rights, Defendant officers next conspired and/or acted in concert to have Plaintiff falsely charged and prosecuted for criminal simple battery on a police officer.

26.     All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Mr. Sampy's federally and state protected rights, and were done while acting under color of state law.

27.     On information and belief, Defendant officers may also have a history of citizen complaints and/or discipline.

28.     As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional federal and state rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

29.     Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression,

frustration, sleeplessness, nightmares and flashbacks from being mistreated by law enforcement like this.

30.     Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**42 U.S.C. § 1983 – Unlawful Arrest and False Imprisonment in violation of the Fourth Amendment**
*(Against Rabb, Reaux, Journat, Jolivette, Colla, Darbonne and Dugas)*

**Plaintiff Sampy hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.**

31.     **42 U.S.C. § 1983 provides that:**

> **Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .**

32.     **Plaintiff Sampy in this action is a citizens of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.**

33.     **All individual Defendants to this claim at all times relevant hereto, were acting under the color of state law in their capacity as Lafayette Police officers and their acts or omissions were conducted within the scope of their official duties or employment. Similarly, the pertinent Lafayette Parish Communications District 911 dispatcher was acting within the scope of her official duties or employment.**

34.     **At the time of the complained of events, Plaintiff Sampy had a clearly established constitutional right under the Fourth Amendment to be secure in his persons and property from unreasonable search and seizure.**

35.     **Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.**

36.     **The Defendant officers' actions and omissions, as well as those of the 911 dispatcher of the Lafayette Parish Communication District, and the search of Sampy's vehicle, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of the Plaintiff.**

37.     **Defendant officers' arrests, confinements and searches, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.**

38.     None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable arrests, searches, or false imprisonment by other Defendant officers. They are each therefore liable for the injuries and damages resulting from the objectively unlawful arrest, search, and false imprisonment of each other officer.

39.     **These individual Defendants are not entitled to qualified immunity for the complained of conduct.**

40.     **As a proximate result of Defendants' unlawful conduct, Plaintiff Sampy has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling them to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff Sampy has incurred special damages, including medically related expenses and may continue to incur further medical and other special damages related expenses, in amounts to be established at trial.**

41.   **Plaintiff Sampy is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.**

42.   **In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff Sampy.**

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Excessive Force in violation of the
### Fourth and Fourteenth Amendments
*(Against Rabb, Reaux, Journat, Jolivette, Colla, Darbonne and Dugas)*

43.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

44.   Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

45.   All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Lafayette Police Department officers

and their acts or omissions were conducted within the scope of their official duties or employment.

46.    At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

47.    Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

48.    Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

49.    Defendants Reaux, Dugas, and Rabb's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

50.    Defendants Reaux, Dugas, and Rabb's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Sampy's federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

51.     Defendants Reaux, Dugas, and Rabb's unlawfully seized Mr. Sampy by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. Sampy of his freedom.

52.     The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

53.     None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

54.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Sampy's federally and state protected constitutional rights.

55.     They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

56.     The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

57.     These individual Defendants acted in concert and joint action with each other.

58.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

59.     These individual Defendants are not entitled to qualified immunity for the complained of conduct.

60.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

61.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

62.     In addition to compensatory, economic, consequential and special damages,

Plaintiff is entitled to punitive damages against each of the individually named

Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual

Defendants have been taken maliciously, willfully or with a reckless or wanton

disregard of the constitutional rights of Plaintiff.

THIRD **CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Retaliation in Violation of the First Amendment**
*(Against Rabb, Reaux, Journat, Jolivette, Colla, Darbonne and Dugas)*

63.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully

set forth herein.

64.     Plaintiff in this action is a citizen of the United States and all of the individual

police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

65.     All individual Defendants to this claim, at all times relevant hereto, were acting

under the color of state law in their capacity as Denver police officers and their acts

or omissions were conducted within the scope of their official duties or employment.

66.     At the time of the complained of events, Plaintiff the clearly established

constitutional right to be free from retaliation for the exercise of protected speech.

67.     Any reasonable police officer knew or should have known of this right at the

time of the complained of conduct as it was clearly established at that time.

68.     Mr. Sampy exercised his constitutionally protected right to question law enforcement and/or engaged in protected speech related to the constitutional rights of citizens with respect to physical mistreatment, arrests, searches of their property by the police and objectionable police conduct.

69.     Retaliatory animus for Mr. Sampy's exercise of his constitutionally protected right to question Lafayette Police officers regarding the scope of their legal authority to arrest him with violence and to continue to use violence to his person was a substantially motivating factor in the excessive force used by individual officers.

70.     The excessive force used against Plaintiff in retaliation for his protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct.

71.     All of these Defendant officers participated in this use of force as a means of retaliation for his protected speech and none of the Defendant officers took reasonable steps to protect Plaintiff from this retaliation for the protected speech. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

72.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Sampy's federally and protected constitutional rights.

73.     The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

74.     These individual Defendants acted in concert and joint action with each other.

75.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

76.     Defendants are not entitled to qualified immunity for the complained of conduct.

77.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

78.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

79.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Malicious Prosecution in violation of the Fourth and Fourteenth Amendments
*(Against Rabb, Reaux, Journat, Jolivette, Colla, Darbonne and Dugas)*

80.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

81.    Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

82.    All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Denver police officers and their acts or omissions were conducted within the scope of their official duties or employment.

83.     At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

84.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

85.     Individual Defendants violated Mr. Sampy's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, resulting in his unlawful confinement and prosecution.

86.     Individual Defendants conspired and/or acted in concert to institute, procure and continue a criminal proceeding for simple battery upon a police officer against Mr. Sampy without probable cause.

87.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Sampy's federally protected constitutional rights.

88.     The procurement of prosecution against Mr. Sampy for the known to be false allegations of simple battery on a police officer -Officer Rabb - were malicious, shocking, and objectively unreasonable in the light of the circumstances.

89.     The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

90.     These individual Defendants acted in concert and joint action with each other.

91.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

92.     Defendants are not entitled to qualified immunity for the complained of conduct.

93.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

94.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

95.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## LOUISIANA CLAIMS FOR RELIEF
*(Against All Defendants, including the Lafayette City Parish Consolidated Government)*

96.    Plaintiff Sampy realleges and reargues all the allegations herein above, and assert violations of Louisiana law relative to constitutional torts, intentional torts and negligence by the Lafayette Parish Communications District 911 dispatcher and the Defendant officers of the Lafayette Police Department, all of whom were acting within the course and scope of their employment by the Lafayette City Parish Consolidated Government.  In addition, Defendants are liable to Plaintiff for false arrest, unlawful search, false imprisonment, intentional infliction of emotional distress, and malicious prosecution.

97.     No Defendant officer nor the Lafayette Parish Communications District 911 dispatcher had probable cause justifying the arrest of Plaintiff Sampy for damage to the ice cooler or any other offense when he was forcibly extracted from his pickup, thrown face first to the concrete parking lot, and handcuffed, or to search his truck for any evidence that might justify retroactively his arrest and incarceration, nor did any Defendant have any probable cause to arrest or prosecute the Plaintiff Sampy at any time for Simple Battery of a Police Officer folowing that  initial taint.

98.     The Defendants to these claims at all times relevant hereto were acting under the color of state law.

99.     Plaintiff had the following clearly established rights at the time of the complained of conduct:

     a.    the right to be secure in his person from unreasonable seizure through excessive force, unlawful arrest, and unlawful search under Article 1, Section 5 of the Louisiana Constitution of 1974;

     b.    the right to bodily integrity and to be free from excessive force by law enforcement under  Article 1, Section 2 of the Louisiana Constitution of 1974;

     c.    the right to exercise his constitutional rights of free speech under the Article 1, Section 7 of the Louisiana Constitution of 1974 without retaliation;

     d.    the right to be afforded due process of law by police under Article 1, Section 2 of the Louisiana Constitution of 1974; and,

      e.     the right to be free from malicious prosecution under Article 1, Sections 2 and 5 of the Louisiana Constitution of 1974.

100.   **Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.**

101.   Defendants are not entitled to qualified immunity for the complained of conduct relating to any of the below Louisiana Constitutional Torts..

## FIFTH CAUSE OF ACTION
## (LOUISIANA TORT - MALICIOUS PROSECUTION)

102.   Defendants are liable for malicious prosecution for the commencement of a criminal prosecution in the City Court of Lafayette, Louisiana against Plaintiff Sampy, without probable cause for arrests or searches and based on a fase report by Officer Rabb. Defendants' actions in their seeking or allowing the initiation of malicious prosecutions of the Plaintiff caused him to suffer harm and distress.

103.   A damages remedy here is necessary to effectuate the purposes of Article 1, Sections 2 and 5 of the Louisiana Constitution, and appropriate to ensure full realization of Plaintiff's rights under those provisions.

## SIXTH CAUSE OF ACTION
## (LOUISIANA TORT - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

104.    The acts or omissions of these Defendants, as described herein, deprived Mr. Sampy of his constitutional and statutory rights and caused him other damages.

105.    As a direct and proximate result of the intentional acts of the Defendants described herein, carried out in reckless disregard, falsity and/or without sufficient factual information, Plaintiff suffered economic damage including loss of gainful employment, was caused physical injury, psychiatric distress, and continues to suffer from severe and disabling shock, distress, anguish, sorrow, depression and loss of enjoyment of life.

106.    The aforesaid physical and psychological injuries sustained by Plaintiff Sampy were caused wholly by reason of the intentional, reckless and/or negligent acts of the Defendants as described herein.

107.    The Defendants acted maliciously and with specific intent to oppress and harm Plaintiff and/or with reckless disregard of the consequences of their actions and ommissions, and as a result Plaintiff are entitled to damages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
## (LOUISIANA TORT - FALSE ARREST AND IMPRISONMENT)

108.   As a pendent state cause of action, at all times material and relevant herein, Defendants, by acts and/or omissions and under color of state law, willfully detained Plaintiff Sampy without his consent and without authority of the law. Plaintiff pleads false imprisonment and false arrest as Defendants had the intent to arrest and confine him as soon as he was forcibly extracted from his pickup, and carried out the intent by putting him in positions so that he could not move, let alone leave. Such confinement resulted in harmful detention, without consent, and without authority of the law.

109.   A damages remedy here is necessary to effectuate the purposes of Article 1, Section 5 of the Louisiana Constitution, and appropriate to ensure full realization of Plaintiff's rights under those provisions.

## EIGHTH CAUSE OF ACTION
## (LOUISIANA CONSTITUTIONAL TORT - DUE PROCESS)

110.   The policies and conduct of the Defendants violated Plaintiff's right to not be deprived of life, liberty, or property, except by due process of law in Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article 1, Section 2 of the Louisiana Constitution of 1974.

111.     A damages remedy here is necessary to effectuate the purposes of Article 1, Section 2 of the Louisiana Constitution, and appropriate to ensure full realization of Plaintiff's rights under those provisions.

112.     As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

## NINTH CAUSE OF ACTION
## (LOUISIANA CONSTITUTIONAL TORT - UNREASONABLE SEARCHES AND SEIZURES)

113.     The policies and conduct of the Defendants violated Plaintiff Sampy's right to be free of unreasonable searches and seizures in that Defendants, acting under color of law, in searching his pickup truck beyond the scope of his consent, violated Plaintiff's rights pursuant to Article 1, Section 5 of the Louisiana Constitution.

114.    A damages remedy here is necessary to effectuate the purposes of Article 1, Section 5 of the Louisiana Constitution, and appropriate to ensure full realization of Plaintiff's rights under those provisions.

115.    Defendants' actions, by way of their extreme and outrageous actions, intentionally or recklessly caused both Plaintiff Sampy to suffer severe emotional distress.

**RESPONDEAT SUPERIOR**
**LOUISIANA CIVIL CODE ARTICLES 2315, 2322 & 2317.1**

116.    Plaintiff repeats and re-alleges the allegations in all the proceeding paragraphs as if set forth fully herein.

117.    The damages to and the injuries of DESMOND DEMARIO FRAZIER are a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants and/or joint tortfeasor(s) and/or his/its/their or as principal(s), employer(s), agent(s), representative(s), servant(s), employee(s), associate(s), parent(s), subsidiary(ies), lessor(s), lessee(s), insured(s) and/or insurer(s) in violation of La. Civil Code Art. 2315, Art. 2322 and Art. 2317.1. As a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants, Raynaldo Sampy, suffered general and/or special and/or punitive damages, including but not limited to physical pain and suffering,

mental anguish and/or distress, great inconvenience, frustration, fear, embarrassment, humiliation, loss of enjoyment of life and society, and other damages that will be shown at the trial hereof.

## VI. JURY DEMAND

118.    Plaintiff Sampy request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VII. DAMAGES

119.    Plaintiff respectfully requests all relief to which Plaintiff Sampy is entitled to as a matter of law, that Defendants be held jointly, severally, and solidarily liable for all damages suffered by state and federal violations as set forth herein and as authorized by law, including but not limited to expenses incurred, attorneys' fees, costs, interest, and punitive damages, as well as all general and equitable relief pursuant to 42 U.S.C. §1983 and §1988. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

## VIII. PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against

each of the Defendants and grant:

A.    compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B.    economic losses on all claims allowed by law;

C.    special damages in an amount to be determined at trial;

D.    punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E.    attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F.    pre- and post-judgment interest at the lawful rate; and,

G.    any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

WHEREFORE, the Plaintiff, **RAYNALDO MARKEITH SAMPY, JR.**, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants for all relief to which he is entitled as a matter of law, and that Defendants be held jointly, severally, and solidarily liable for all damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, punitive damages, as well as all general and equitable relief under available under Louisiana and federal law.

Dated:   **May 4, 2019**                    Respectfully Submitted,

By: *[s]Brett L. Grayson*
BRETT L. GRAYSON, (#06268)
850 Kaliste Saloom Rd., Suite 120
Lafayette, Louisiana 70508-4230
Telephone: (337) 706-7646
Facsimile: (337) 706-7648
Email: brett.grayson@blgraysonesq.com
ATTORNEY FOR RAYNALDO MARKEITH
SAMPY, JR.