UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RAYNALDO MARKEITH SAMPY JR**              **CASE NO.  6:19-CV-00580**

**VERSUS**                                  **JUDGE JUNEAU**

**JONATHAN PRICE RABB ET AL**               **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## JUDGMENT

Before this Court is a Motion to Dismiss for Failure to State a Claim under F.R.C.P. Rule 12(b)(6) (Rec. Doc. 37) filed by Defendant.  This motion was referred to United States Magistrate Judge Carol B. Whitehurst for report and recommendation.  Considering the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein (Rec. Doc. 51), the objections and responses to the Report and Recommendation, and after an independent review of the record;

This Court concludes that the Magistrate Judge's Report and Recommendation is correct and adopts the findings and conclusions therein regarding the partial dismissal of the Fourth Amendment excessive force claim, the dismissal of the Fourteenth Amendment claim, and the denial of the Motion

to Dismiss regarding the Failure to Intervene, Intentional Infliction of Emotional Distress, and Vicarious Liability claims as its own.

This Court does, however, modify the Magistrate Judge's Report and Recommendation by denying Defendant's request to dismiss Plaintiff's First Amendment retaliation claim in its entirely.  A First Amendment retaliation claim requires a plaintiff to prove: "(1) [they were] engaged in constitutionally protected activity; (2) the officer's action caused [them] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the officer's adverse actions were substantially motivated against [their] exercise of constitutionally protected activity."  *Batyukova v. Doege*, 994 F.3d 717, 730 (5th Cir. 2021).  A retaliation claim can be considered in aspects beyond just unlawful arrest.  *See Id.* at 730-31 (considering a First Amendment retaliation claim where the plaintiff alleged that they had been shot as a result of their protected speech).  In the present case, Plaintiff alleges that the officers in question used excessive force in retaliation to plaintiff's protected speech protesting his treatment.  Rec. Doc. 23 ¶¶ 64-80.  However, as with plaintiff's Fourth Amendment claim, the First Amendment claim is partially barred by the *Heck* principle, which bars consideration of claims if they "require[] negation of an element of [a] criminal offense or proof of a fact that is inherently inconsistent

with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).  As with Plaintiff's Fourth Amendment claim, any consideration of officer conduct prior to the point where plaintiff stopped resisting is barred by the *Heck* principle as it would negate plaintiff's conviction of OWI and simple battery of a police officer.  *See* Rec. Doc. 51 at 15-16.  After the point where the plaintiff ceased to resist, however, this Court finds that plaintiff has alleged a plausible claim that officers used excessive force in retaliation for his protected speech protesting his treatment.  Thus, this Court modifies the Report and Recommendation by Denying the Motion to Dismiss the First Amendment retaliation claim insofar as it relates to officer conduct which occurred after Plaintiff ceased resisting (whenever the jury determines that to be).

**IT IS THUS ORDERED, AJUDGED, AND DECREED** that the Motion to Dismiss be GRANTED insofar as Defendants seek to dismiss Plaintiff's 1) Fourth Amendment excessive force claim for any alleged use of force prior to the moment Plaintiff ceased resisting (whenever the jury determines that to be); 2) First Amendment retaliation claim for any alleged use of force prior to the moment Plaintiff ceased resisting (whenever the jury determines that to be); and 3) Fourteenth Amendment claim.  The Motion to Dismiss is DENIED in all other respects.  It should be noted that the only portion of the Report and

Recommendation which was objected to was regarding Plaintiff's First Amendment Claim.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 27th day of September, 2021.

_____
MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE